**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 93-9058
_____


STATE UNAUTHORIZED PRACTICE OF LAW COMMITTEE,

Plaintiff-Appellant,


VERSUS

PAUL MASON & ASSOCIATES, INC.,
d/b/a Creditors Bankruptcy Service,
and PAUL MASON, Individually,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(February 21, 1995)


Before SMITH and EMILIO M. GARZA, Circuit Judges, and BERRIGAN, District Judge.[*]

JERRY E. SMITH, Circuit Judge:


The Unauthorized Practice of Law Committee ("UPLC") of the State Bar of Texas appeals a summary judgment in favor of defendants, Paul Mason & Associates, Inc., d/b/a Creditors Bankruptcy Service, and Paul Mason (collectively "CBS"). For the reasons discussed below, we affirm.

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

I.

CBS acts as an agent for a number of creditors, mostly national retail companies, administering the creditors' noncontingent, liquidated claims against debtors in bankruptcy. The average amount of each claim is small and effectively precludes economically efficient management by the creditor or an attorney. Typically, CBS files a proof of claim in the bankruptcy proceeding, monitors the status of the case, and, where appropriate, contacts the debtor's counsel to determine whether a reaffirmation of debt is possible in lieu of relinquishing collateral. Where reaffirmation is an option, CBS negotiates the agreement within certain parameters set by the client; where agreement is reached, CBS fills in appropriate blanks on a reaffirmation form provided by its creditor clients.

CBS handles no disputed claims and prohibits its employees from providing any legal advice to its clients, which are national concerns with their own legal departments. CBS has acted as creditors' agent for more than ten years and has processed more than 1,000,000 bankrupt accounts nationwide. It has handled over 100,000 claims in the Texas bankruptcy courts and presently has over 26,000 claims pending in the bankruptcy court for the Northern District of Texas.

The UPLC sued CBS for the unauthorized practice of law in Texas, alleging that in addition to the foregoing activities, CBS also negotiates with debtors to reduce clients' losses where fraudulent or objectionable debts are involved, takes necessary

2

action when a case is converted from one chapter to another, advises clients to seek legal counsel with suggestions for further handling of their claims, and attends § 341 creditors' meetings.

CBS argues that BANKR. R. 9010(a) provides authority for its activities:

> Authority to Act Personally or by Attorney. A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

In addition, CBS finds statutory support for its activities in BANKR. R. 1001's mandate that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding." The specific authority for an agent's execution of a proof of claim, one of CBS's activities that the UPLC is not challenging, is contained in BANKR. R. 3001(b).

The UPLC argues that there is no federal law authorizing CBS's activities to be performed by nonlawyers. Since there are no applicable federal standards defining the term "practice of law" that is mentioned in rule 9010(a), the UPLC argues that the federal courts have adopted Texas licensing standards, which are consistent with federal standards. As none of the challenged activities is specifically authorized for nonlawyers under federal statute or rule, the UPLC asserts that each constitutes the unauthorized practice of law under Texas law.

The district court reasoned that federal law preempts state regulation in the area of bankruptcy, holding that "the business

3

practices of . . . CBS complained of by the UPLC do not constitute the practice of law in the uniquely administrative practice of the federal bankruptcy courts." State Unauthorized Practice of Law Committee v. Paul Mason & Assocs., 159 B.R. 773, 778 (N.D. Tex. 1993). It entered summary judgment in favor of CBS.

## II.

The UPLC concedes that the federal courts have the undisputed inherent authority to regulate the practice of law in federal forums. Accordingly, the UPLC argues that the federal district courts "have effectively adopted Texas licensing standards," in that (1) the Northern District of Texas has not promulgated its own unauthorized practice standards; (2) there are no independent federal unauthorized practice standards; (3) the district courts employ reciprocal admission where an attorney is licensed to practice in the highest court of any state or the District of Columbia; and (4) federal courts routinely apply the unauthorized practice of law standards of the forum state in other respects.

In Sperry v. Florida ex rel. the Fla. Bar, 373 U.S. 379 (1963), the Court held that a patent agent registered before the Patent Office pursuant to a federal provision similar to rule 9010(a) was not subject to the State of Florida's licensing requirements with regard to the preparation of patent applications. If state law were not preempted, the Court reasoned that the state would have a constitutionaly impermissible power over federal licensing requirements. The Sperry Court recognized that the

4

patent rule's reference to the unauthorized practice of law "was intended only to emphasize that registration in the Patent Office does not authorized the general practice of patent law, but sanctions only the performance of those services which are reasonably necessary and incident to the preparation and prosecution of patent applications." Id. at 386.

The district court found Sperry controlling, reasoning that the patent agent statute was in all respects analogous to rule 9010(a). It concluded that where the nonlawyer's conduct is authorized by the bankruptcy rules, any contrary Texas licensing requirement is preempted, holding that:

> Where the federal courts have adopted Bankruptcy Rule 9010(a) to specifically authorize agents to perform acts that might otherwise be prohibited by state law, however, the state law must yield. U.S. Const. art. VI, cl. 2.
>
> . . .
>
> . . . [T]he UPLC of the State of Texas is attempting to dictate to the federal courts who is or is not fit to handle administrative matters in the federal bankruptcy courts. The UPLC claims that it can regulate practice in the federal courts because it believes that the federal courts have adopted its standards for the unauthorized practice of law. The UPLC is mistaken.

159 B.R. at 777-78.

Rule 9010(a) specifically permits only those unspecified acts that do not constitute the unauthorized practice of law. The legislative history of the Bankruptcy Reform Act of 1978, furthermore, plainly indicates the intent of Congress to separate purely administrative functions from judicial ones in the bankruptcy arena.

The UPLC concedes that CBS has authority to file proof of

5

claim forms because that activity is specifically authorized by rule 3001. If, however, specific acts that otherwise constitute the practice of law in Texas must be statutorily authorized in order to pass UPLC approval, then rule 9010(a)'s explicit and general authority for representation by nonlawyer agents is meaningless. Furthermore, the UPLC's proposed reading of rule 9010(a) conflicts with the Bankruptcy Code's purpose to secure just, speedy, and inexpensive determinations without requiring the adjudication of undisputed matters.

We interpret rule 9010(a)'s authorization, with its exclusion for the unauthorized practice of law, in light of its legislative history and the standards applicable to the bankruptcy practice as recognized by federal courts, not according to the law of the forum state. Under the applicable standards, the UPLC provides no support for its position that the challenged activities must be handled by attorneys. As the district court concluded,

> The state standards for the unauthorized practice of law do not easily apply to the bankruptcy court because the State of Texas does not have a state analog to the federal bankruptcy court. A significant amount of activity in a bankruptcy court is administrative. Within this administrative context, a federal court may determine that under Bankruptcy Rule 9010(a) an agent may perform certain acts because they will best "secure the just, speedy and inexpensive determination of every case and proceeding." Bankruptcy Rule 1001. The federal courts must be able to exercise this inherent power and make determinations as to what is or is not the practice of law free from the licensing requirements of the State of Texas. Federal courts cannot defer to states when making determinations as to who may perform which acts in furtherance of the administration of justice. The federal courts are in the best position to make these uniquely federal determinations))not the UPLC of the State of Texas.

6

Id. at 780 (footnote omitted).

The challenged activities of CBS have long been recognized by the bankruptcy courts as administrative functions that can be performed by authorized nonlawyer agents without offending rule 9010(a)'s prohibition against the unauthorized practice of law.[1] We agree with the district court that Texas unauthorized practice of law standards do not apply to rule 9010(a)'s authorization for administrative practice in the bankruptcy courts.

The judgment of the district court is AFFIRMED.

---

[1] For instance, § 341 meetings are not considered judicial proceedings, In re Kincaid, 146 B.R. 387 (Bankr. W.D. Tenn. 1992); attorneys have been denied fees for administrative services, In re Banks, 31 B.R. 173 (Bankr. N.D. Ala. 1982); and a layman can act as a bankruptcy trustee without engaging in the unauthorized practice of law, In re Gem Tire & Serv. Co., 117 B.R. 874 (Bankr. S.D. Tex. 1990).