**In re Betty L. BUCK, Debtor.**

**Bankruptcy No. 97–21871 WHB.**

United States Bankruptcy Court,
W.D. Tennessee.

April 21, 1998.

William A. Cohen, Cordova, TN, for Debtor.

Glen D. Rubin, Julie J. Srochi, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Atlanta, GA, Agent for Federal National Mortgage Association by its servicing Agent Countrywide Home Loans, Inc.

Glen Rubin, Adam M. Goodman, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Dallas, TX, Agent and Counsel for Countrywide Home Loans, Inc.

Jonathan E. Scharff, Harris, Shelton, Dunlap and Cobb, L.L.P.C., Memphis, TN, Local Counsel for Creditor.

Madalyn S. Greenwood, Asst. U.S. Trustee, Memphis, TN.

George W. Stevenson, Memphis, TN, Chapter 13 Trustee.

George W. Emerson, Jr., Memphis, TN, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO STRIKE ATTORNEYS' REQUESTS FOR SERVICE OF NOTICES

WILLIAM HOUSTON BROWN, Bankruptcy Judge.

In this chapter 13 case, the debtor's attorney filed a motion to strike the requests for service of all notices filed in this case, which requests were filed by attorneys in the law firm of McCalla, Raymer, Padrick, Cobb, Nichols & Clark of Atlanta, Georgia and Dallas, Texas (McCalla firm). The only reasons stated in the written motion to strike, as well as at the hearing on this motion, were that the McCalla firm's attorneys were not licensed to practice law in the state of Tennessee, were not admitted to practice in this bankruptcy court, and had not filed an application for *pro hac vice* admission. One may question why the debtor's attorney would take the time to file his motion to strike the

McCalla firm's requests, as it would appear easier to notice the law firm than its governmental or corporate clients, but the motion does raise issues of whether such a written request for service of all notices in a particular case constitutes the practice of law and whether the requesting law firm must be admitted *pro hac vice.*

The McCalla firm filed two requests, one stating that the firm has been appointed by a home loan creditor's servicing agent "to serve as its authorized agent to, inter alia, receive and review all notices that may affect its interests in this [case]," and the other stating that the firm "has been engaged by the creditor to serve as its authorized agent and to represent its interests in this [case]." Both requests seek service of copies of all notices filed in this chapter 13 case. The debtor's attorney, who is licensed to practice in Tennessee and is admitted to practice in this judicial district, argued that the mere filing of a written request for all notices constituted the practice of law and, thus, a prohibited act by attorneys who are not admitted to practice in this district.

At the hearing on the motion, the McCalla firm's local counsel appeared and stated that he regularly acted as local counsel for that firm when any pleadings seeking relief were filed in bankruptcy cases or when the firm's clients became involved in any contested matters or proceedings. That attorney's response to the motion was a reliance upon FED. R. BANKR. P. 9010(a), which provides:

A debtor, creditor, equity security holder, indenture trustee, committee, or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

The movant did not supply the Court with any authority, but this Court has looked for authority interpreting that Rule in the context of the issue presented and has found some guidance. One authority has stated that Rule 9010(a) generally is "less than clear," but that subpart (2) was intended to allow a "party [to] appear through an authorized agent, attorney in fact, or by a proxy," who could not "perform any act which would constitute the unauthorized practice of law." COLLIER ON BANKRUPTCY 15th ed. revised, ¶ 9010.02. Subpart (1) of Rule 9010(a) permits parties to appear on their own behalf, unless applicable law prohibits such an appearance as an unauthorized practice of law; for example, a corporation cannot appear *pro se* in bankruptcy courts. Id. and ¶ 9010.07. There is some authority for the concept that Rule 9010(a)'s authorization for "non-attorney agents to act on behalf of a party in bankruptcy court, preempts state attorney licensing requirements to the extent that the non-attorney only performs those acts authorized by the federal rule, that is, acts not constituting the practice of law." Ahern and MacLean, BANKRUPTCY RULES MANUAL 1997 edition, § 9010.01 (citations omitted). Rule 9010(b) more specifically addresses appearances by a licensed attorney, while Rule 9010(a) addresses appearances by an agent, attorney in fact, or proxy, and Rule 9010(c) addresses the actual authority of one holding a power of attorney. Id.

The McCalla firm's requests for notices, each signed by an attorney in the firm, could be interpreted as an appearance by that firm on behalf of its client for purposes of Rule 9010(b). One of the requests is signed on behalf of the firm as the "Authorized Agent for Federal National Mortgage Association, by its servicing agent Countrywide Home Loans, Inc.," and the other is signed as the "Authorized Agent and Counsel for Countrywide Home Loans, Inc." The latter language indicates an appearance by one intending to practice law, while the first indicates a role as agent for the receipt of service of all notices. These interpretations are consistent with the bodies of the two requests: The request signed only as agent recites that the McCalla firm is the "authorized agent to receive and review all notices," while the other request recites that the firm is "to serve as [the creditor's] authorized agent and to represent its interests." The Court questions why the same law firm, albeit in two cities, needs two notices, and the Court will

suggest that one of the McCalla firm's offices withdraw its request.

■ As to the request from the Atlanta office that recites only a role as agent for the creditor, this Court has insufficient information to conclude whether such a request does or does not constitute the practice of law. If the request merely· had stated that the McCalla firm was the agent to receive notices, that statement would not implicate necessarily the practice of law; however, the request also said that the firm was the agent to "review all notices that may affect [the creditor's] interest.": A determination of whether "review" of notices constitutes the practice of law would require proof of what such a "review" includes. TENNESSEE CODE ANNOTATED § 23–3–101(2) includes in its definition of the practice of law: "The appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court ... constituted by law or having authority to settle controversies." See also Tennessee Supreme Court Rule 9, § 20.2, which provides a definition of "practice of law" for purposes of the annual assessment to support the Board of Professional Responsibility, as "any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy, in or out of court, rendered in respect to the rights, duties, regulations, liabilities or business relations of one requiring the services." Receipt and review of notices may constitute the practice of law under such definitions.

At least two federal courts in Texas have addressed a similar situation. In *The State Unauthorized Practice of Law Committee v. Paul Mason & Assoc., Inc.,* 159 B.R. 773 (N.D.Tex.1993), affrm'd. 46 F.3d 469 (5th Cir.1995), the defendant contracted to act as an agent for creditors, and to perform necessary clerical and administrative tasks in bankruptcy cases pending in Texas. The Texas Unauthorized Practice of Law Committee brought suit, alleging, as this debtor's counsel does, that Mason was practicing law without a license in violation of a Texas statute. The challenged activities included filing proofs of claims, monitoring the status of the case, and negotiating and preparing reaffirmation agreements. The trial court determined that these activities do not constitute the practice of law in the "uniquely administrative practice of the federal bankruptcy courts." 159 B.R. at 778. The Fifth Circuit agreed, determining that "the legislative history of the Bankruptcy Reform Act of 1978 ...indicates the intent of Congress to separate purely administrative functions from judicial ones in the bankruptcy arena." 46 F.3d at 471. Quoting the district court's opinion, the appellate court went on to note:

> The state standards for the unauthorized practice of law do not easily apply to the bankruptcy court because the State of Texas does not have a state analog to the federal bankruptcy court. A significant amount of activity in a bankruptcy court is administrative. Within this administrative context, a federal court may determine that under Bankruptcy Rule 9010(a) an agent may perform certain acts because they will best "secure the just, speedy and inexpensive determination of every case and proceeding." Bankruptcy Rule 1001. The federal courts must be able to exercise this inherent power and make determinations as to what is or is not the practice of law free from the licensing requirements of the State of Texas. Federal courts cannot defer to states when making determination as to who may perform which acts in furtherance of the administration of justice. The federal courts are in the best position to make these uniquely federal determinations—not the UPLC of the State of Texas.

*Id.*

■ Notwithstanding these courts' distinction between administrative and legal functions, there is authority in Tennessee that the functional definition of the practice of law "relates to the rendition of services for others that call for the professional judgment of a lawyer ..., [t]he essence of [which] is his educated ability to relate the general body and philosophy of law to a specific legal problem of a client." In re *Petition of Burson,* 909 S.W.2d 768, 775 (Tenn.1995) (quoting Code of Professional Responsibility Can-

non 3, Ethical Consideration 3–5). Under that rationale, one could question why this particular creditor would need a law firm to act as its agent unless it also expected the attorneys to exercise their legal training and judgment concerning the impact of bankruptcy pleadings upon that creditor. As to the request from the Dallas office that recites a dual role of agent and representation, it more clearly falls within the parameters of practicing law and easily could be interpreted as a Rule 9010(b) appearance.

Assuming, nevertheless, that either request filed by the McCalla firm constitutes the practice of law, the ultimate question is whether the mere request for service of bankruptcy notices is a pleading that requires the McCalla firm's admission to this judicial district *pro hac vice*. This district's Local Bankruptcy Rule 2090–1(b) addresses such admission but does not state when it is required, only that an attorney may be so admitted "upon a proper showing of qualifications, [and a written motion] to handle a particular case or proceeding before this Court." For purposes of the issue presented, the Court should interpret this Local Rule in the context of the Bankruptcy Code's provision that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). Under this public records doctrine, the McCalla firm's attorneys, or other personnel, could come to the Clerk of this Court during normal business hours and see this case file; thus, should we make it unnecessarily difficult or expensive for the firm to obtain copies of

notices by mail?[1] Although a request for notices, such as the ones at issue here, may very well be an appearance by the requesting attorney, it is not yet an appearance in a contested matter or proceeding.[2] Until a motion seeking affirmative relief, a complaint, or a responsive pleading is filed by a non-Tennessee attorney, this Court concludes that our local bankruptcy rules do not require that attorney to seek *pro hac vice* admission, and such an attorney may file a request for service of notices without being so admitted.

This conclusion is consistent with FED. R. BANKR. P. 2002(g), which provides that "notices required to be mailed under this rule to a creditor [or others] shall be addressed as such entity or an authorized agent may direct in a filed request; otherwise, to the address shown in the list of creditors or the schedule whichever is filed later."[3] The two requests at issue here are principally notifications by the creditor's agent, which happens to be the creditor's attorney as well, that all notices affecting that creditor should be mailed to the agent/attorney. It would be burdensome in the national bankruptcy system to require an attorney making no more than that request to file an application for *pro hac vice* admission and to pay the required fee for such admission in each district in which a creditor may be involved in bankruptcy cases. The federal bankruptcy rules are intended to foster "just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001. This district's local bankruptcy rules should not be interpreted to place an unnecessary and expensive burden on non-local attorneys or

---

1. Under this district's Local Bankruptcy Rule 9013–1, the moving party, who is often the debtor in chapter 13, has responsibility for service of the motion and related notices upon affected parties.

2. The Court is not required in this case to decide whether the request for service of notices by an attorney constitutes a general admission that pleadings affecting that attorney's client may be served upon the attorney for purposes of Bankruptcy Rule 2002 or 7004; although, the requests at issue here ask for copies of all notices and are not limited to those required by Rule 2002(g).

3. The conclusion in this opinion also is consistent with the rationale of Chief Judge David S.

Kennedy, in *In re Kincaid*, 146 B.R. 387 (Bankr. W.D.Tenn.1992), where Judge Kennedy held that a nonlawyer's appearance at a Code § 341 meeting of creditors and questioning of the debtors were not unauthorized practices of law. A rationale of that decision was that § 341 meetings were not judicial proceedings and that appearances there did not constitute advocacy as that term is used in TENNESSEE CODE ANNOTATED § 23–3–101(a). In the same manner, the filing of a mere request for notices is not at that point advocacy of a legal position, and such requests are not motions that would require the attention of a bankruptcy judge.

creditors, who are wanting to receive copies of pleadings that may affect them.. Moreover, local bankruptcy rules must be consistent with the federal rules. FED. R. BANKR. P. 9029.

IT IS THEREFORE this Court's conclusion that neither the federal nor local bankruptcy rules require a non-local attorney to seek *pro hac vice* admission merely for the purpose of filing a request to receive copies of pleadings and notices in a particular bankruptcy case. If such an attorney files a pleading seeking substantive relief, or responds to such a pleading, at that point it may be necessary for the non-local attorney to seek *pro hac vice* admission or to obtain local counsel. Such determinations are made on a case-by-case basis. In this particular case, however, the Court sees no reason for the Clerk of this Court, the debtor, or other moving parties to bear the burden of noticing two offices of the same law firm for the same creditor; thus, the Court will suggest that the McCalla firm withdraw one of its requests or designate which of its attorneys is to receive notices.