## In the Matter of Darryl Chimko.

Suffolk. May 5, 2005. - July 22, 2005.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

### *Unauthorized Practice of Law.*

This court concluded that an attorney admitted to practice in another United States jurisdiction but not admitted to practice in Massachusetts did not engage in the unauthorized practice of law in connection with his actions as an agent for a creditor in a bankruptcy proceeding in Massachusetts, where the attorney's conduct involved ensuring the timely filing, processing, and tracking of routine forms in a Massachusetts bankruptcy proceeding, on a temporary basis, related to work for a client in another jurisdiction where the attorney was authorized to practice law [747-752]; further, this court concluded that even if such limited actions constituted the practice of law, they were not in contravention of the Massachusetts rules of professional conduct, or contrary to the public policies on which the rules were based [752-753].

CERTIFICATION of questions of law to the Supreme Judicial Court by the United States District Court for the District of Massachusetts.

*Ann Brennan* for Darryl Chimko.

*Douglas W. Salvesen*, for Real Estate Bar Association of Massachusetts, Inc., amicus curiae, submitted a brief.

CORDY, J. A judge in the United States Bankruptcy Court for the District of Massachusetts sanctioned Michigan attorney Darryl Chimko for misrepresentation and for the unauthorized practice of law in connection with Chimko's conduct as agent for Household Finance Corporation II (Household Finance). Chimko appealed from the order and elected to have his appeal heard by a judge of the United States District Court for the District of Massachusetts. See 28 U.S.C. § 158(c)(1) (2000). The District Court judge affirmed the order as to misrepresentation, and certified the following questions to this court. See S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981).

"1.   Does an attorney admitted to practice in another United States jurisdiction but not admitted to practice in the Commonwealth of Massachusetts engage in the 'practice of law' by:

"a. completing a reaffirmation form that modifies and creates rights but does not change the original terms of the loan;

"b. providing a pro se debtor with a notice intended to provide general assistance in understanding the reaffirmation process; and

"c. corresponding with a pro se debtor and the Bankruptcy Court using law firm letterhead but not clearly intending to hold himself out as practicing law?

"2.   If the above constitutes the 'practice of law,' may such services be provided on a temporary basis in the Commonwealth of Massachusetts if they are reasonably related to the attorney's practice in the other jurisdiction?"

For the reasons stated below, we answer the first question in the negative, and conclude further that, even if some of such services fell within the bounds of the practice of law, they were permissibly provided in the circumstances of this case.

1. *Background.* The undisputed facts and relevant procedural history are as follows. In April, 2003, Antonio Lucas (debtor), acting pro se, filed a voluntary petition for Chapter 7 bankruptcy relief. The petition listed the names and addresses of three creditors holding mortgages on the debtor's residence in Lawrence, including Household Finance. In May, Chimko, an attorney not licensed to practice law in Massachusetts, contacted the debtor by mail on behalf of Household Finance.[1] The mailing included a cover letter; a reaffirmation agreement, under which the debtor could elect to reaffirm the debt rather than surrender the property, see 11 U.S.C. § 521(2)(A) (2000); a

---

[1]Chimko is licensed to practice law in Michigan, and is admitted to practice law in the United States District Court for the districts of Michigan, northern Ohio, Indiana, central and southern Illinois, and northern California. In the United States Bankruptcy Court in Michigan, Chimko provides a full array of legal services for Household Finance.

"reaffirmation data sheet"; and a "notice of pro se reaffirma tion of debt secured by real property" (notice of pro se reaffirmation).

The cover letter was printed on the letterhead of Chimko's Michigan law firm, Shermeta, Chimko & Adams, P.C., and identified Household Finance as "Our Client." The letter advised that the law firm could not give the debtor legal advice, but directed the debtor to contact Chimko if he had any questions or concerns. The enclosed reaffirmation agreement, into which Chimko had entered the original terms of the Household Finance mortgage, was modeled on Local Bankruptcy Form 6.[2] The reaffirmation data sheet requested the following information: the debtor's address and telephone number; the name, address, and telephone number of the debtor's employer; and the debtor's monthly net income. The notice of pro se reaffirmation, which Chimko captioned as a pleading and intended to file with the Bankruptcy Court as an attachment to the executed reaffirmation agreement, began: "NOW COMES, Creditor, HOUSEHOLD FINANCE CORPORATION II, by and through its attorneys, SHERMETA, CHIMKO & ADAMS, P.C. . . . ." The notice requested that the court advise Household Finance of any hearing on the reaffirmation agreement by contacting "agent for Creditor . . . DARRYL J. CHIMKO." The notice concluded: "If Creditor is not notified of any Hearing on Reaffirmation concerning the attached Reaffirmation Agreement, Creditor shall proceed in a manner consistent with the plain language of [11 U.S.C. § 524(c)] and shall consider the attached Reaffirmation Agreement to be valid, so long as all other requirements to obtain a valid Reaffirmation Agreement are present under 11 U.S.C. [§ ] 524."

On May 27, 2003, Chimko sent the debtor a second letter. Printed on law firm letterhead and designating Household Finance as "Our Client," this letter advised the debtor that the Chapter 7 bankruptcy department of Shermeta, Chimko & Ad-

---

[2]Chimko's form differed from Local Bankruptcy Form 6 only in the following respects: (1) the "Notice to Debtor" appeared in bold, as well as underlined text; (2) Chimko signed the form as "Agent for Creditor," as opposed to "Creditor Representative"; and (3) the form consisted of two pages, rather than six pages. The third distinction is the product of formatting as, in substance, Chimko's form is identical to Local Bankruptcy Form 6.

ams, P.C. had not received the debtor's executed reaffirmation agreement. The debtor subsequently executed the reaffirmation agreement. In June, Chimko signed the reaffirmation agreement as "Agent for Creditor" and filed it with the Bankruptcy Court, along with the notice of pro se reaffirmation and a cover letter that was printed on law firm letterhead and made no reference to Chimko's status as Household Finance's "agent."

On July 7, 2003, on the basis of these filings, a Bankruptcy Court judge ordered Chimko to appear at a hearing "and show cause why (1) the Notice of Pro Se Reaffirmation of [D]ebt Secured by Real Property should not be stricken and the Reaffirmation Agreement not accepted for filing; (2) sanctions should not be imposed upon Household Finance Corporation II and/or its agent for attaching the Notice to the Reaffirmation Agreement which (a) conflicts with the Massachusetts Local Bankruptcy Rules; (b) requires that notice be given to an address other than the creditor's address . . . and (c) purports to permit the creditor to ignore any binding order of this Court with respect to the Reaffirmation Agreement if notice of a hearing is not given to the agent; and (3) sanctions, including any appropriate referrals, should not be imposed upon the agent for the unauthorized practice of law in Massachusetts."

At the hearing, Chimko testified that the reaffirmation agreements he sends to pro se debtors are drafted by corporate counsel for the creditor. He further testified that the use of the word "attorneys" in the notice of pro se reaffirmation was a typographical error and that Shermeta, Chimko & Adams, P.C., and Household Finance were parties to a "management agreement," rather than attorney and client. Based in part on a chart produced by Chimko (by order of the court) that identified a number of additional cases in Massachusetts in which he had signed documents referring to himself as attorney for the creditor, the judge concluded that, "[a]lthough Chimko might have not intentionally held himself out to be anything other than an agent, through his habitual correspondences with the firm's letterhead, admitted typographical error, and repeated behavior in committing these errors, Chimko has misrepresented his status to the Debtor and the Court." The judge further concluded that Chimko (acting as agent for Household Finance) had engaged in the unauthorized practice of law by preparing a reaffirmation

agreement in which contractual rights were modified and created, by providing the debtor "with a form of notice he believed would be of assistance to [him] in understanding the reaffirmation process," and by corresponding with the debtor and the court on firm letterhead. As a remedy, the judge sanctioned Chimko in the amount of $500 and forwarded a copy of his memorandum of decision to the Massachusetts board of bar overseers and the Michigan attorney discipline board.[3]

On November 10, 2003, Chimko appealed from the decision to the United States District Court for the District of Massachusetts. After oral argument, the District Court judge affirmed the order "as to its conclusion that Chimko's communications were misleading under the Massachusetts Rules of Professional Conduct." Applying Massachusetts law to the question whether Chimko engaged in the unauthorized practice of law, the judge concluded that Chimko's actions did not constitute the practice of law. Finding the "question . . . not entirely free from doubt," however, the judge certified the above questions to this court.

2. *Discussion.* Rule 9010(a) of the Federal Rules of Bankruptcy Procedure provides that a "debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the [Bankruptcy] Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy." Rule 9010(a) "is certainly not a model of clarity." *Wilson* v. *Valley Elec. Membership Corp.*, 141 B.R. 309, 312 (Bankr. E.D. La. 1992). It has been interpreted as follows:

> "A . . . creditor . . . may (1) appear in a case under the [Bankruptcy] Code and act in the entity's own behalf, (2) appear in a case under the [Bankruptcy] Code through an attorney authorized to practice in the court, (3) appear in a case under the [Bankruptcy] Code through an authorized agent or attorney in fact, who may perform any act not constituting the practice of law, or (4) appear in a case under the [Bankruptcy] Code by proxy."

---

[3]On that same day, October 10, 2003, the Bankruptcy Court judge approved the debtor's reaffirmation agreement.

*Id.* 10 Collier, Bankruptcy, par. 9010.02 (15th ed. rev. 2005). In relevant part, the rule thus permits a creditor to "appear" either through an attorney authorized to practice in the court or through an agent, so long as that agent does not perform any act constituting the practice of law. *Wilson* v. *Valley Elec. Membership Corp., supra* at 312-313.

The District Court judge first addressed whether Chimko was an attorney authorized to practice in the United States Bankruptcy Court for the District of Massachusetts. Local Bankruptcy Rule 9010-1 (2005) provides that only "a member in good standing of the bar of United States District Court for the District of Massachusetts" or an attorney granted leave "in the discretion of the [Bankruptcy] Court" may practice before the United States Bankruptcy Court for the District of Massachusetts. Admission to the bar of the United States District Court for the District of Massachusetts depends in large part on fulfilling our requirements for admission to the Massachusetts bar. Rule 83.5.1(a)(1) of the Local Rules of the United States District Court for the District of Massachusetts (2005). Rule 5.5 of the Massachusetts Rules of Professional Conduct, 426 Mass. 1410 (1998), prohibits a lawyer from "practic[ing] law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." The parallel rule of the American Bar Association (ABA) Model Rules of Professional Conduct was amended in 2002 to except from this general prohibition a "lawyer admitted in another United States jurisdiction" who "provide[s] legal services on a temporary basis in this jurisdiction that . . . arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice."[4] Noting this distinction and declining to predict our application of amended ABA Model Rule 5.5 to this case, the District Court judge "consider[ed] Chimko as both [Chimko] and the Bankruptcy Court did, as an 'agent' rather than 'an attorney authorized to practice in the court.' " Resolution of the certified questions thus turns on whether Chimko, as Household Finance's agent, "perform[ed] any act . . . consti-

---

[4]Adoption of this amended rule is currently under consideration in Massachusetts.

tuting the practice of law" under Massachusetts law.[5] Fed. R. Bank. P. 9010(a).

"It is not easy to define the practice of law." *Lowell Bar Ass'n* v. *Loeb*, 315 Mass. 176, 180 (1943). "To a large extent each case must be decided upon its own particular facts." *Matter of the Shoe Mfrs. Protective Ass'n*, 295 Mass. 369, 372 (1936). Here, Chimko's conduct was limited to three separate but related actions: (1) completing a reaffirmation agreement, (2) providing the debtor with a notice of pro se reaffirmation, and (3) corresponding with the debtor and the Bankruptcy Court using law firm letterhead. We address each of these actions in turn.

Reaffirmation agreements arise under the Federal Bankruptcy Code. 11 U.S.C. § 524(c) (2000). The Bankruptcy Court judge concluded, without further analysis, that Chimko had prepared a reaffirmation agreement that both modified and created contractual rights. The reaffirmation agreement, however, was drafted by Household Finance's corporate counsel. In form, it is substantially similar to Local Bankruptcy Form 6, differing primarily in its use of bold text in the "Notice to Debtor" provision. In substance, it is identical to Local Bankruptcy Form 6. Chimko simply filled in the terms of the original mortgage in the appropriate blank spaces and signed the document as "Agent for Creditor."[6]

We have rejected the proposition "that whenever, for compensation, one person . . . performs for another some service that requires some knowledge of law, or drafts for another some document that has legal effect, he is practising

---

[5]The District Court judge "adopt[ed] Massachusetts standards to define the 'practice of law' limitation of Federal Rule 9010(a)." Compare *State Unauthorized Practice of Law Comm.* v. *Paul Mason & Assocs., Inc.*, 46 F.3d 469, 471-472 (5th Cir. 1995) ("We interpret rule 9010[a]'s authorization, with its exclusion for the unauthorized practice of law, in light of its legislative history and the standards applicable to the bankruptcy practice as recognized by federal courts, not according to the law of the forum state"), with *In re Maloney*, 249 B.R. 71, 74 (Bankr. M.D. Pa. 2000) ("The qualification on the use of agents and representatives to 'perform any act not constituting the practice of law' evidences an intent to permit state law to determine the definition of the practice of law"). We reject Chimko's contention that this was in error.

[6]Local Bankruptcy Form 6 provides for the signature of the "Creditor Representative."

law." *Lowell Bar Ass'n* v. *Loeb, supra* at 181.[7] Chimko's preparation of the reaffirmation agreement is akin to the nonattorney's preparation of preprinted income tax returns, conduct we have held not to be the practice of law. *Id.* at 186. This is not a situation in which Chimko failed to make the disclosures required for the court to approve a reaffirmation agreement, *In re Carlos,* 215 B.R. 52 (Bankr. C.D. Cal. 1997); "invoked his 'professional judgment in applying legal principles to address [Household Finance's] individualized needs,' " *Taub* v. *Weber,* 366 F.3d 966, 970 (9th Cir. 2004), quoting *Oregon State Bar* v. *Smith,* 149 Or. App. 171, 183 (1997), cert. denied, 522 U.S. 1117 (1998); or dispensed legal advice on bankruptcy matters from an office located in a State in which he was not authorized to practice, *In re Peterson,* 163 B.R. 665 (Bankr. D. Conn. 1994). See *State Unauthorized Practice of Law Comm.* v. *Paul Mason & Assocs., Inc.,* 46 F.3d 469, 470 (5th Cir. 1995) (finding actions of bankruptcy service, which included "fill[ing] in appropriate blanks on a reaffirmation form provided by its creditor clients," inoffensive to the prohibition in rule 9010[a] against the unauthorized practice of law). We consequently conclude that Chimko's preparation of the reaffirmation agreement does not lie "wholly within the practice of law [such that it] cannot lawfully be performed by . . . any other person not a member of the bar." *Lowell Bar Ass'n* v. *Loeb, supra* at 183.

The notice of pro se reaffirmation presents a closer case. Chimko captioned the document as a pleading and filed it with the Bankruptcy Court. The local bankruptcy rules require all pleadings filed with the court to be signed by an attorney and to set forth the attorney's board of bar overseers or pro hac vice number.[8] Local Bankruptcy Rule 9011-1 (2005). More importantly, in the view of the Bankruptcy Court judge, Chimko

---

[7]In its thoughtful discussion concerning whether the preparation of documents having legal effect constitutes the practice of law, the court noted that architects prepare building contracts, insurance agents prepare riders to policies, auctioneers prepare sale notes, and custom house brokers prepare important documents, all without practicing law. *Lowell Bar Ass'n* v. *Loeb,* 315 Mass. 176, 181-182 (1943).

[8]Chimko argues that the "real thrust of the notice" was a request for service. Specifically, paragraph seven of the document asks the Bankruptcy Court "to advise Creditor of any Hearing on the attached Reaffirmation Agreement by notifying agent for Creditor . . . DARRYL J. CHIMKO." Fil-

provided the debtor with a copy of the notice. The Bankruptcy Court judge concluded that such action was intended to provide legal assistance and thus constituted the practice of law.[9]

The District Court judge disagreed, concluding "that Chimko's preparation of the notice did not constitute the practice of law because the 'assistance' he provided did not relate to any specific legal problem." Moreover, the notice, which merely outlines the procedure by which reaffirmation agreements (in the case of a pro se debtor) are approved by the court, and requested notice of any hearing on this particular reaffirmation agreement, was generic. Other courts have concluded that "the mere general dissemination of legal information by nonlawyers does not constitute the unauthorized practice of law." *Oregon State Bar* v. *Smith, supra* at 182. Equally significant in our view, however, is the fact that the notice was addressed to the court, and not to the debtor. Although Chimko included the notice with his initial correspondence to the debtor, seemingly as a courtesy to a party acting pro se, the notice itself made clear that its intended audience was the court. In such circumstances, we cannot conclude that Chimko furnished legal advice to the debtor and thereby engaged in the unauthorized practice of law. *Matter of the Shoe Mfrs. Protective Ass'n, supra* at 372 ("the establishment of the legal rights *of others* [and] the practice of giving or furnishing legal advice as to such rights . . . are . . . aspects of the practice of law" [emphasis added]).[10]

Finally, the Bankruptcy Court judge determined that Chim-

ing a request for service does not require the attorney to obtain leave to appear and practice in the court. Local Bankruptcy Rule 9010-1(d) (2005). See *In re Buck*, 219 B.R. 996, 1000 (Bankr. W.D. Tenn. 1998) ("It would be burdensome in the national bankruptcy system to require an attorney making no more than [a request for service of all notices] to file an application for pro hac vice admission and to pay the required fee for such admission in each district in which a creditor may be involved in bankruptcy cases").

[9]Paragraphs five and six of the notice of pro se reaffirmation stated that although the Bankruptcy Code does not require the court to conduct a hearing on a reaffirmation agreement, the court is permitted to schedule such a hearing. Under Local Bankruptcy Rule 4008-1(b) (2005), however, the court is required to conduct a hearing on the approval of a reaffirmation agreement where the debtor is unrepresented by counsel.

[10]If Chimko was practicing law at all, it was clearly on behalf of the creditor, not the debtor.

ko's use of law firm letterhead to correspond with both the debtor and the court "suggests he was engaged in the practice of the law." While the use of firm letterhead may support the judge's finding that Chimko misrepresented his status with respect to Household Finance, we are not persuaded that this action of itself constitutes the practice of law. Chimko sent three letters to the debtor and one letter to the Bankruptcy Court. Each letter was printed on the letterhead of Chimko's law firm, which appeared as follows:

SHERMETA, CHIMKO & ADAMS, P.C.
Attorneys and Counselors at Law
445 South Livernois Suite 333
P.O. Box 80490
Rochester Hills, MI 48308-0490
(248) 652-8200
Fax (248) 652-8596

The names of each attorney in the law firm flanked this central heading. Chimko did not hold himself out as a Massachusetts attorney on the law firm's stationery. *Lindsey* v. *Ogden*, 10 Mass. App. Ct. 142, 150 (1980). Nor was Chimko a suspended or disbarred attorney who held himself out as an attorney in good standing. *Matter of McInerney*, 389 Mass. 528, 536 (1983). Significantly, none of the letters contained legal advice. To the contrary, Chimko's first letter to the debtor stated: "Please note that we cannot give you legal advice." Thus, we conclude that Chimko did not engage in the practice of law by printing his correspondence with the debtor and the Bankruptcy Court on the letterhead of his law firm.

Even if we were to conclude that one or the other of the services set out in the first certified question, and provided by Chimko, constituted the practice of law, they would be services falling at the very periphery of such practice. They do not involve either rendering legal advice to or soliciting Massachusetts clients, or even engaging in a legal contest in a Massachusetts forum on behalf of an out-of-State client. *Estate of Condon* v. *McHenry*, 65 Cal. App. 4th 1138, 1146 & n.7 (1998)

(finding California has no interest in disciplining out-of-State attorney practicing law on behalf of out-of-State client where such attorney does not "physically com[e] into California to practice law in [California] courts"). Rather, these services involve ensuring the timely filing, processing, and tracking of routine forms with the Bankruptcy Court in Massachusetts, on a temporary basis, related to work for a client in another jurisdiction where the attorney was licensed to practice law.[11] *State Unauthorized Practice of Law Comm.* v. *Paul Mason & Assocs., Inc.*, 46 F.3d 469, 470, 472 (5th Cir. 1995) (filing creditor's proof of claim, monitoring status of case, and negotiating reaffirmation agreement "long . . . recognized by the bankruptcy courts as administrative functions that can be performed by authorized nonlawyer agents without offending rule 9010[a]'s prohibition against the unauthorized practice of law"). In these circumstances, we would not conclude that such limited practice was in contravention of our rules of professional conduct, or contrary to the public policies on which they are based.

---

[11]Chimko testified at the hearing that he had been mailing out reaffirmation agreements on behalf of Household Finance on a national basis since 1997. He further testified that his actions in respect to these reaffirmation agreements is limited to maintaining a repository of local bankruptcy forms, preparing reaffirmation agreements with information supplied by Household Finance, forwarding reaffirmation agreements to debtors, if acting pro se, or to debtors' counsel, and tracking the status of reaffirmation agreements. Chimko would forward any legal pleadings he received in bankruptcy cases involving Household Finance to Household Finance and to corporate counsel.