## In re NIXON ELECTRIC SUPPLY, INC. Debtor.

**Bankruptcy No. 88–51116.**

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

June 8, 1988.

Lawrence Beck of Beck & Beck of San Antonio, Tex., for debtor.

## MEMORANDUM OPINION

R. GLEN AYERS, Jr., Chief Judge.

By previous order, the Court has denied the Debtor's Motion for *Ex Parte* Order Directing Examination of Shareholder. The Debtor's attorney sought to examine a shareholder and former officer of the debtor during the section 341 first meeting of creditors. The Court enters this opinion because the issue here is of general importance.

The purpose of the first meeting of creditors is to allow creditors to examine the debtor. Bankruptcy Rule 2003(b)(1). Section 343 states that the "debtor shall appear and submit to examination under oath at the meeting of creditors." 11 U.S. C. § 343. Thus, the section 341 meeting is a "command performance" by the debtor.

Bankruptcy Rule 9001(5) states that "when any act is required ... to be performed by the debtor ... and if the debtor is a corporation, 'debtor' includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control." Bankruptcy Rule 9001(5)(A). The former officer here is a shareholder but there is no allegation that he exerts control over the corporation. The former officer was not a person allowed to represent the debtor and the former officer was not compelled to be present at the section 341 meeting.

Generally, the meeting is relatively short. "If a creditor attempts to go into great detail at a meeting of creditors, the result may well be that other creditors will not have adequate opportunities to ask relevant questions." 8 Collier on Bankruptcy para. 2003.04[c] at 2003–11—2003–12 (15th ed. 1988). Obviously, if it is unfair to let one creditor dominate the meeting, then allowing the debtor to examine others is even more unfair to the creditors. In fact, allowing the debtor to escape examination and to use the meeting for its own purpose subverts the purpose of the first meeting.

The first meeting is not a substitute for a Bankruptcy Rule 2004 examination. *Id.* at 2003–11. In contrast to the first meeting, a Rule 2004 examination may be taken of any entity. Bankruptcy Rule 2004(a). The Debtor may move for the examination it wants under Rule 2004. Precluding a debtor from using the first meeting for its own examinations does not injure the debtor or preclude it from examining those entities it may wish to examine.