**In re Garry Wayne KINCAID and Cherry Emily Kincaid, Debtors.**

**Bankruptcy No. 91–13183–K.**

United States Bankruptcy Court, W.D. Tennessee, E.D.

Feb. 28, 1992.

E. Franklin Childress, Jr., U.S. Trustee, U.S. Dept. of Justice, Region 8/Tennessee and Kentucky, Memphis, Tenn.

Jimmy L. Croom, Staff Atty., Office of U.S. Trustee, Memphis, Tenn.

R. Bradley Sigler, Jackson, Tenn., for Jackson Nat. Bank.

Lloyd A. Utley, Jackson, Tenn., for debtors.

William L. Guy, Standing Chapter 13 Trustee, Jackson, Tenn.

Gary A. Vanasek, Asst. U.S. Atty., Memphis, Tenn., for the U.S.

MEMORANDUM RE WHETHER A NON–LAWYER REGULARLY EMPLOYED BY A CORPORATE–CREDITOR MAY APPEAR AT A § 341(a) MEETING OF CREDITORS AND QUESTION THE DEBTORS WITHOUT ENGAGING IN UNAUTHORIZED PRACTICE OF LAW WITHIN THE MEANING OF TENNESSEE CODE ANNOTATED § 23–3–101(a).

DAVID S. KENNEDY, Chief Judge.

### INTRODUCTION

In this proceeding the Jackson National Bank of Jackson, Tennessee ("Bank"), a corporate-creditor of the above-named debtors, essentially seeks an order authorizing its regularly employed non-lawyer employee or representative to appear on behalf of the bank at the § 341(a) meeting of creditors in this case and question the above-named debtors without engaging in the unauthorized practice of law within the meaning of Tennessee Code Annotated § 23–3–101(a).[1]

By virtue of 28 U.S.C. §§ 1334(b), 157(a), and 151 and the United States District Court's prior Order of Reference, the Bankruptcy Court has jurisdiction over this dispute and the parties.

Pursuant to 28 U.S.C. § 157(b)(2)(A) and (L), this is a core proceeding.

Based on the case record as a whole, stipulated facts, and statements of counsel, the Court renders the following findings of fact and conclusions of law in accordance with F.R.B.P. 7052.

1. Procedurally speaking, this proceeding is before the Bankruptcy Court upon the bank's objection to confirmation of the debtors' proposed chapter 13 plan. It is expressly noted that the bank's lawyer prepared and filed the bank's objection to confirmation and also represented the bank at the judicial hearing to consider such objection.

## BACKGROUND FACTS

The relevant background facts are undisputed and may be briefly summarized as follows: Debtors filed an original § 302 petition under chapter 13 of the Bankruptcy Code. Bank sent a non-lawyer, full-time employee or representative to the § 341(a) meeting of creditors in this case. At the *meeting*, the bank's non-lawyer representative was not allowed to question the debtors Apparently, the standing chapter 13 trustee, a duly licensed attorney, raised questions about the bank's regularly employed non-lawyer representative's ability to ask questions of the debtors in light of and based on Advisory Ethics Opinion 92–A–473 issued on January 14, 1992, by the Board of Professional Responsibility, Supreme Court of Tennessee ("Board") which prohibits non-lawyers from representing corporate-creditors at a § 341(a) meeting of creditors arising out of a federal bankruptcy case. The Board's Ethics Opinion would also make it a violation for a lawyer to allow attendance and participation at the § 341(a) meeting of creditors by a non-lawyer corporate-creditor. In this case, the debtors do not oppose the bank's non-lawyer employee or representative questioning them. Bank thereafter commenced the instant proceeding seeking, inter alia, an order of the United States Bankruptcy Court authorizing its non-lawyer employee or representative to appear on its behalf and question the above-named debtors at the § 341(a) meeting of creditors.

## ULTIMATE QUESTION FOR JUDICIAL DETERMINATION

The ultimate question for judicial determination here is whether a non-lawyer regularly employed by a corporate-creditor may appear on behalf of his or her employer at a § 341(a) meeting of creditors held under the laws of Congress relating to bankruptcy and question the debtors without engaging in the unauthorized practice of law within the meaning of Tennessee Code Annotated § 23–3–101(a), infra. The plain language of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure does not directly and expressly answer this very important question.

For the reasons to be mentioned hereinafter, the Court concludes, as a threshold matter, that a § 341(a) meeting of creditors under the Bankruptcy Code is just a meeting and not a trial or an adjudicative proceeding. Ultimately the Court concludes that the bank's non-lawyer employee or representative may appear on behalf of the bank and question the debtors at the meeting without engaging in the unauthorized practice of law within the meaning of Tennessee Code Annotated § 23–3–101(a).

## 11 U.S.C. § 341

11 U.S.C. § 341(a) provides as follows: "Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors."

A § 341(a) meeting of creditors is held in all bankruptcy cases so that creditors and other parties in interest including a bankruptcy trustee may question the debtor. See, e.g., *In re Nixon Electric Supply, Inc.*, 85 B.R. 988 (Bankr.W.D.Tex.1988). At a § 341(a) meeting of creditors, the debtor is placed under oath and the trustee and creditors may gather information about the debtor's financial affairs by questioning the debtor only concerning the debtor's "acts, conduct, or property or the liabilities and financial condition of the debtor, or … any matter which may affect the administration of the debtor's estate, or … the debtor's right to a discharge". F.R.B.P. 2004(b).

This meeting is now called and presided over by the United States trustee or his or her designee (which in this District, in chapter 13 cases, is the standing chapter 13 trustee). The United States trustee establishes, maintains, and supervises a panel of private trustees. 28 U.S.C. § 586(a)(1). The United States trustee is an appointee of the Attorney General and is an employee of the United States Department of Justice. 28 U.S.C. § 581. Of course, the United States trustee or his or her designee is not a judicial officer or dispute-decider.

It is particularly important to note that under the Bankruptcy Reform Act of 1978

the court, unlike under the former Bankruptcy Act, may not preside at, and may not attend, the § 341(a) meeting of creditors. 11 U.S.C. § 341(c). The Congressional purpose underlying § 341(c) of the Bankruptcy Code was to remove the bankruptcy judge from presiding at the meeting of creditors. The Congressional thrust was to remove the bankruptcy judge from administrative matters and not to involve him or her in situations where the bankruptcy judge would hear evidence outside the context of a dispute that the judge must later decide. Thusly, the bankruptcy judge is no longer the presiding officer at the meeting. The § 341(a) meeting now operates somewhat akin to a discovery deposition with the United States trustee or his or her designee presiding. If objections are made, they will be resolved later by an unbiased bankruptcy judge. Cong. Record Daily Ed. H 11116, Sept. 28, 1978. Testimony of debtors at a bankruptcy meeting of creditors is not admissible as direct evidence in a latter adversary proceeding or contested matter. Paskay, *1973 Handbook For Trustees And Receivers In Bankruptcy*, p. 271 (1973).

## UNITED STATES TRUSTEE PROGRAM

On October 27, 1986, the President signed into law the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, P.L. 99–554. This legislation nationalized the program of the United States trustees in 18 regions. Prior to the advent of the United States trustee program in non-pilot districts, F.R.B.P. 2003 provided that the court would call and the clerk would preside at the § 341(a) meeting of creditors. The 1986 legislation made the transfer of these administrative functions from the judicial to the executive branches. The transfer of functions (i.e. the adjudicative/administrative dichotomy) required the United States Department of Justice to make policies and operating regulations.

In June, 1988, the Executive Office of the United States trustees published a *Handbook for Chapter 7 Trustees.* The *Handbook* instructs trustees who examine debtors and who preside at meetings of creditors. The *Handbook* states, in pertinent part, as follows:

"The Section 341 meeting is for the benefit of creditors. It is their opportunity to question the debtor regarding the debts and assets of the estate.... There may be individuals who are not attorneys but who will ask questions of the debtor. They can question the debtor without the assistance of an attorney even though an attorney may officially represent that creditor ... [N]either the Federal Rules of Civil Procedure nor the Federal Rules of Evidence are applicable since the meeting is not a judicial proceeding." *Handbook* at pp. 66–68.

Although the *Handbook* is not binding on the Court, it does represent the Department of Justice's position on § 341(a) meetings. It should be noted, however, that the above-quoted section does make it clear that questioning by lay persons is permissible and most importantly, the Department of Justice does not consider the § 341(a) meeting a judicial proceeding.

### 11 U.S.C. § 343

11 U.S.C. § 343 provides, in relevant part, as follows:

"The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) ... *Creditors ... may examine the debtor.* The United States trustee may administer the oath required under this section." (emphasis added.)

This section, derived from § 21a of the former Bankruptcy Act, requires the debtor to appear at the meeting of creditors and submit to examination under oath. As noted, the scope of the examination under this section is governed by F.R.B.P. 2004(b).

11 U.S.C. § 101(10) provides that "creditor", as contemplated in § 343, means "entity" that has a "claim" against the debtor that arose at the time of or before the order for relief concerning the debtor. 11 U.S.C. § 101(15) provides that "entity" includes, among others, a person. 11 U.S.C. § 101(41) provides that "person" includes,

among others, a corporation. It is undisputed in the instant case that the bank is a "creditor" of the debtors. Therefore, the question: Can a non-lawyer regularly employed by a corporate-creditor appear at a duly scheduled § 341(a) meeting of creditors and question the debtor without engaging in the unauthorized practice of law within the meaning of TENNESSEE CODE ANNOTATED § 23-3-101(a)?

### TENNESSEE CODE ANNOTATED § 23-3-101(a)

TENNESSEE CODE ANNOTATED § 23-3-101(a) defines the "practice of law" as follows:

> "The appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with the proceedings pending or prospective before any court, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies."

As observed earlier, once a bankruptcy case is commenced pursuant to § 301 or 302 of the United States Bankruptcy Code, the debtor is routinely required to appear at a § 341(a) meeting of creditors. Creditors are statutorily invited to attend the meetings of creditors; however, creditors do not loose or forfeit substantive rights by not attending such meetings. It is also observed that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure [2] require that the debtor be examined by an attorney on behalf of any creditor or other party in interest.[3] The § 341(a) meeting of creditors under the Bankruptcy Code does not in any way involve the concept of advocacy as the word "advocate" is used and contemplated in

TENNESSEE CODE ANNOTATED 23-3-101(a).

### CONCLUSIONS

It has been said that the questioning of a debtor at a meeting of creditors is, in effect, a simple and inexpensive discovery tool for creditors. It is not an adversary process, but merely a fact-finding procedure which, though potentially may lead to a substantial judicial proceeding, insulates the court from otherwise inadmissible statements made in the course of questioning. Due process considerations of the parties as well as the sanctity of the judicial process are thereby preserved.

The legislative history underlying § 341(c) indicates that excluding the court from the meeting of creditors and separating out matters requiring judicial resolution strongly indicates the non-adjudicative nature of the § 341(a) meeting. Accordingly, the Court concludes that the § 341(a) meeting of creditors is not a judicial proceeding or hearing, even though the debtor-witness is under oath. *In re Dynamite Food Enterprises, Inc.*, 8 B.R. 839 (Bankr. E.D.N.Y.1961). The event is merely and simply a *meeting*—a meeting of creditors pursuant to § 341(a) of the Bankruptcy Code. Such a meeting does not constitute a tribunal with authority to settle controversies within the meaning of the Tennessee statute because it does not actually involve the courts or judicial officers of the United States. Indeed, the § 341(a) meeting of creditors is separate from the judicial or adjudicative aspects of a bankruptcy case.

Neither is the § 341(a) meeting of creditors concerned with determining the rights and obligations of the parties before it. Indeed, since § 341(c) statutorily prohibits the court from presiding at and attending

---

**2.** Cf. F.R.B.P. 9010 and the accompanying Advisory Committee Note thereto and 28 U.S.C. § 1654. Of course, a corporation is prohibited from appearing pro se by instituting and conducting proceedings before the judicial bench. See, e.g., *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir.1978). Under F.R.B.P. 9010 a creditor may perform any act not constituting the practice of law, by an authorized agent attorney in fact or proxy. That is, in judicial

proceedings before bankruptcy courts corporations must be represented by a licensed lawyer. This is consistent with TENNESSEE CODE ANNOTATED § 23-3-101(a).

**3.** Actually, there is no statutory requirement that the bankruptcy trustee be a lawyer. That is, non-lawyer bankruptcy trustees may question debtors at the § 341(a) meeting of creditors.

the meeting—no one at the meeting of creditors is empowered to make dispositive determinations affecting or adjusting debtor-creditor relationships. The meeting of creditors in nowise involves the concept of advocacy as contemplated in TENNESSEE CODE ANNOTATED § 23–3–101(a). The § 341(a) meeting provides an opportunity for creditors to assemble, if desired, to ascertain information about the debtor. Accordingly, the Court further concludes in the instant case that the non-lawyer employee or representative of the bank, a corporate-creditor, may appear on behalf of the bank and question the debtor at the meeting. It would be inappropriate to statutorily invite corporate-creditors to attend a non-adjudicative *meeting* of creditors and once there, inform them that they must hire a lawyer as a precondition to asking the debtor, for example, where the bank's collateral is located.[4]

A separate order shall be prepared and submitted by the bank's lawyer consistent with the foregoing.

---

**4.** This would also be contrary to the spirit and purpose of the Civil Justice Reform Act of 1990 which concerns itself with, inter alia, the reduction of costs and expenses in civil proceedings.