**In re Dawn M. MESSIER, Debtor.**

**Dawn M. MESSIER, Plaintiff,**

**v.**

**FILENE'S, G. Fox, ITT Financial Services and Sears, Roebuck & Co., Defendants.**

**Bankruptcy No. 92–11068.**
**Adv. Nos. 92–1075, 92–1076,**
**92–1077, 92–1078.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 14, 1992.

Christopher Lefebvre, Pawtucket, R.I., for debtor/plaintiff.

Jeffrey S. Michaelson, Michaelson & Michaelson, Providence, R.I., for defendants.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court in these consolidated Adversary Proceedings is the Defendants'[1] Motion to Dismiss the Complaint(s) for failure to state a claim upon which relief can be granted. Fed.R.Bank.P. 7012(b), incorporating by reference Fed.R.Civ.P. 12(b)(6) (the "Motion to Dismiss").

## I. PROCEDURAL BACKGROUND

In ruling upon a Motion to Dismiss, the Court presumes the well-pleaded allegations of the Complaint to be true, and will deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [her] claim which would entitle him [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In the Complaint(s) under consideration, the Plaintiff seeks to enjoin the continuation of certain alleged conduct by creditors. Of the six numbered paragraphs, four recite specific factual allegations, while the remaining two counts assert the legal basis upon which the Debtor relies in support of her request for injunctive relief. On its face, we find the Complaint to be wholly deficient in both its factual as well as legal allegations. Accordingly the Complaint is dismissed for failure to state a claim.

## II. DISCUSSION

Essentially, the Debtor seeks in this action the imposition of a blanket injunction or "gag-order" against all (born and unborn, we assume) creditors from appearing at bankruptcy § 341 meetings to either examine Debtors or to attempt to negotiate reaffirmation of debt agreements. Although we find no merit whatever in the first grievance, the Debtor's second criticism *could* be actionable, depending on the facts, but is not sufficiently articulated in the Debtor's present Complaint to survive the Motion to Dismiss.

### A. *Case or Controversy*

■ As an initial matter, we agree with the Defendants that where the alleged unlawful conduct has not yet even occurred, *i.e.* where no § 341 meeting had been held when the Debtor filed the instant Complaint(s), no case or controversy exists, and the Complaint must be dismissed on that ground alone. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 374, 78 L.Ed.2d 58 (1983) ("[t]o satisfy the Art. III case-or-controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision."); *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) ("judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts,'" citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)).

---

1. The Debtor filed four separate, but identical, lawsuits against Defendants Filene's, G. Fox, ITT Financial Services and Sears, Roebuck & Co.

For purposes of economy and expediency, we consolidated these matters and address them together herein.

Here, on the Debtor's own allegations, the conduct complained of does not involve this Debtor, but rather relates to what these creditor-defendants "routinely" do, and not to what they did vis-a-vis Ms. Messier. Accordingly, there is no suggestion, let alone a factual allegation, that the Debtor "suffered actual injury" which this Court can or should redress.

Nevertheless, in order to address a subject which appears to be of growing concern among both creditors and debtors in this District, we will examine what seems to be this Debtor's real "beef."

### B. *Non–Attorney Examination at § 341 Meetings*

■ In her Complaint the Debtor alleges that the four corporate Defendants "routinely send a *non-attorney* to the scheduled 341 meeting of creditors" (emphasis in original), and that "[s]aid representative attempts to encourage debtors into executing a reaffirmation agreement pursuant to the terms and conditions of 11 USC 524(c)". It is alleged that these actions "annoy, harass and humiliate debtors." Based upon this conduct, the Debtor argues that "[t]he negotiation of reaffirmation agreements constitutes the Unlawful Practice of Law pursuant to Rhode Island General Laws 11–27–11 and 11–27–16," and is violative of Local Bankruptcy Rules 3 and 4. The Debtor does not, however, allege that nonlawyers' attendance or examination of debtors at § 341 meetings constitutes the unlawful practice of law within the meaning of R.I.Gen.Laws § 11–27–1 *et seq.* Rather, the primary thrust of her complaint appears to be that creditors are improperly using the § 341 meeting as a vehicle to extract reaffirmation agreements from debtors in bankruptcy. These are not, however, the averments of the Complaint, and this Court is not at liberty to incorporate into the Complaint statements and/or arguments subsequently made by

the Debtor in her Memorandum in opposition to the Motion to Dismiss.

For future reference however, we have examined the Defendants' statutory and decisional authorities which discuss the administrative nature and scope of the § 341 meeting, the rights of creditors to inquire of the Debtor, and the Rhode Island General Laws concerning the "practice of law." Based upon this review, we conclude as a matter of law that where an agent or employee of a corporate creditor appears at a § 341 meeting, without counsel, to inquire of a debtor *within the examination scope permitted* under § 343[2] and Fed. R.Bankr.P. 2004, this does not constitute the unauthorized practice of law within the meaning of R.I.Gen.Laws § 11–27–1 *et seq.,* and such activity (properly conducted) is permitted in this jurisdiction.

### C. *The Reaffirmation Process*

■ Lastly, the Debtor appears to argue that (1) these creditors have engaged in some form of coercive or harassing behavior in attempting to obtain reaffirmation of debts; and (2) that the *negotiation* of a reaffirmation agreement itself constitutes the unlawful practice of law in Rhode Island.

Rather than repeat what we have just recently had to say on this subject in *Jefferson v. May Department Stores (In re Jefferson),* 144 B.R. 620 (Bankr.D.R.I. 1992), we refer the parties to that opinion, and conclude herein that the instant Complaint fails to state a cognizable claim that these creditors acted improperly in seeking reaffirmation of debts. Specifically, we find that the Debtor has failed to allege what particular actions these creditors took to either coerce or harass, other than her statement that they "attempt[ed] to encourage" reaffirmation. We rule that this singular allegation, without more, is insufficient as a matter of law, and fails to state a claim for relief. *See Jefferson,* at 624.

---

**2.** If, at the § 341 meeting the creditor attempts to, or does go beyond what is permitted under § 343 and Fed.R.Bankr.P. 2004, the debtor is not without recourse, and may present any such grievance to the bankruptcy judge. *In re Kincaid,* —— B.R. —— at ——, Bk No. 91–13183–K,

slip op. at 4 (Bankr.W.D.Tenn. Feb. 28, 1992) (citing Cong.Record Daily Ed. H 1116, Sept. 23, 1978). Thus, the argument that creditors are seeking to use the § 341 meeting as an opportunity to go "beyond the regulation and supervi-

Moreover, the legal basis upon which the Debtor seeks injunctive relief, i.e. engaging in "the unlawful practice of law," also fails to state a claim, as it is contrary to the express provisions of R.I.Gen.Laws § 11–27–16. That section permits a corporation to draw "in the regular course of its business, any note, bill, draft, bill of sale, conditional bill of sale *or any other business agreement to which it is a party.*" R.I.Gen.Laws § 11–27–16 (emphasis added). We think that the negotiation and drafting of a reaffirmation agreement falls squarely within this definition.

Moreover, as we indicated in *In re Jefferson*, at 623, where a reaffirmation agreement is alleged to have been sought or obtained improperly, a cause of action *might* lie under § 362(a)(6) for a violation of the automatic stay, *if* the allegations meet the test(s) we recently endorsed in *In re Flynn*, 143 B.R. 798 (Bankr.D.R.I.1992). Here however, the Debtor has not even asserted a § 362(a)(6) violation. Accordingly, there is no legal basis stated in the Plaintiff's Complaint which would afford her relief, even assuming that these creditors engaged in harassing behavior, as alleged.

For all of the above reasons, the Defendants' Motion to Dismiss is GRANTED, without prejudice to the Plaintiff–Debtor's right to replead, if she chooses, in accordance with this Court's advice today, as well as in *In re Jefferson.*

Finally, although we agree that the Debtor's Complaints in this instance are deficient both factually and legally, we cannot say that they were initiated for any improper purpose,[3] and accordingly, we DENY the Defendants' request for Bankr.R. 9011 sanctions.

Enter Judgment consistent with this opinion.

---

sion of the United States Bankruptcy Court" is specious.

**3.** We presume that a discernable pattern of improper conduct by certain creditors at § 341 meetings has prompted these complaints, and we also recognize the likelihood that abuses do occur. However, as discussed elsewhere herein, the proper redress for creditor misbehavior must be on a case by case basis, and we hope that the discussions and rulings in individual decisions will create a set of guidelines and limits which will, hopefully, be of assistance to creditors for future reference.