In re John C. **MALONEY** and Christine Maloney, Debtors.

Patricia A. Staiano, United States Trustee, Appellant,

v.

William G. Schwab, Trustee in Bankruptcy For John C. Maloney and Christine Maloney, Appellee.

In re John C. Maloney and Christine Maloney, Debtors.

Sears, Roebuck & Co., Appellant,

v.

William G. Schwab, Trustee in Bankruptcy for John C. Maloney and Christine Maloney, Appellee.

No. 4:97–CV–1940, 4:97–CV–1922.

United States District Court, M.D. Pennsylvania.

March 31, 2000.

James G. Watt, Allentown, PA, for John C. Maloney, Christine Maloney, debtors.

Mary Duncan France, Office of the U.S. Trustee, Harrisburg, PA, for Patricia A. Staiano, appellants.

Charles J. Phillips, Baskin, Leisawitz, Heller & Abramowitch, P.C., Berkshire Commons, Wyomissing, PA, for Sears, Roebuck and Company, movants.

Joseph J. Murray, Wilkes Barre, PA, for William G. Schwab, Trustee in Bankruptcy for John Maloney and Christine Maloney, trustee.

### MEMORANDUM

KANE, District Judge.

Before the Court is a consolidated appeal docketed in this Court on December 18, 1997. Appellants are Patricia A. Staiano, United States Trustee ("U.S.Trustee"), and Sears, Roebuck & Co. ("Sears"). Pursuant to a briefing schedule set by the Court, Appellant U.S. Trustee filed a supporting brief on August 14, 1998, and an amended supporting brief on August 20, 1998. Appellant Sears filed its supporting brief on August 14, 1998. Appellee William G. Schwab, Trustee in Bankruptcy For John C. Maloney and Christine Maloney, filed no brief in opposition. On October 28, 1998, Judge McClure transferred the above-captioned matter to the undersigned.

This appeal seeks reversal of the Bankruptcy Court's May 12, 1997 Opinion and Order denying the motion of Sears to compel the Chapter 7 Trustee to reconvene the Section 341(a) meeting of creditors to permit the examination of the debtors by Sears' non-attorney representative. Because this Court finds that the court below erred in its legal conclusion that the examination of a debtor at a Section 341(a) meeting of creditors by a non-attorney representative of a creditor constitutes the unauthorized practice of law in Pennsylvania, the decision below will be reversed.

### I. Background

On March 5, 1996, John C. and Christine Maloney ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The U.S. Trustee appointed William G. Schwab (the "Trustee") as the case trustee on March 17, 1996. The meeting

of creditors required to be held pursuant to Section 341(a) of the U.S. Bankruptcy Code, 11 U.S.C. § 341(a) ("Section 341(a) meeting" or "creditors' meeting"), was convened by the Trustee on April 17, 1996.

A paralegal employed by the law firm retained by Sears attended the creditors' meeting on Sears' behalf and requested permission to question the Debtors. The Trustee refused, stating that it was his belief that if he allowed an individual who was not an attorney or an employee of a creditor to question the Debtors, he would be aiding in the unauthorized practice of law. Sears filed a motion on May 8, 1996, requesting that the Bankruptcy Court compel the Trustee to reconvene the creditors' meeting to allow participation by Sears' non-attorney representative. The motion was opposed by the Trustee and by the Debtors. A hearing was held before the Bankruptcy Court on July 16, 1996.

On January 31, 1997, pursuant to her authority under 11 U.S.C. § 341 and 28 U.S.C. § 586(a)(3), the U.S. Trustee directed the Trustee to reconvene the meeting for the purpose of permitting Sears' agent to examine the Debtors. The Trustee withdrew his objection to Sears' motion on February 12, 1997 and notified the parties that he would reconvene the creditors' meeting. On May 12, 1997, the Bankruptcy Court entered an Opinion and Order denying Sears' requested relief and holding that "the examination of a debtor at a first meeting of creditors constitutes the practice of law as that term is interpreted in Pennsylvania" and that "the Bankruptcy Code does not permit a party, unidentified in § 343, to conduct an examination of the debtors at their § 341 meeting, except as permitted by Rule 9010(a)(2)." Opinion and Order at 10, 13.

It is against this factual and procedural backdrop that Appellants appeal the following issues. The U.S. Trustee frames the issues on appeal as follows:

1. Whether the Bankruptcy Court erred as a matter of law in holding that the examination of a debtor at a meeting of creditors under Section 341(a) of the Bankruptcy Code constitutes the practice of law in Pennsylvania.

2. Whether the Bankruptcy Court erred as a matter of law in holding that only persons listed in Section 343 of the Bankruptcy Code and their attorneys may examine a debtor at a meeting of creditors under Section 341(a) of the Bankruptcy Code.

Sears frames the issue on appeal as follows:

1. Whether a non-lawyer representative of a creditor may question a debtor during the meeting of creditors pursuant to Section 341 of the Bankruptcy Code.

## II. Legal Standards

■ This Court has jurisdiction pursuant to 28 U.S.C. §§ 158, 1334. The standard of review for findings of fact with respect to appeals from a bankruptcy court order is the "clearly erroneous" standard. *See* Fed. R. Bankr.P. 8013; *In re Siciliano*, 13 F.3d 748, 750 (3d Cir.1994). A bankruptcy court's conclusions of law are reviewed *de novo*. *See Insurance Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir.1995).

## III. Discussion

Section 341(a) of the U.S. Bankruptcy Code provides that "... the United States Trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a). The Code further explicitly provides that "[t]he court may not preside at, and may not attend, any meeting under this section including any final meeting of creditors." 11 U.S.C. § 341(c).

Section 343 of the Code provides that the debtor is required to appear for examination under oath at the meeting of creditors. *See* 11 U.S.C. § 343. The section further provides that "[c]reditors, any indenture trustee, any trustee or examiner

in the case, or the United States trustee may examine the debtor." 11 U.S.C. § 343. The examination of a debtor at the creditors' meeting is subject to the parameters set forth in Federal Rule of Bankruptcy Procedure 2004(b) and "may relate only to the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or the debtor's right to discharge." Fed. R. Bankr.P.2004(b).

Federal Rule of Bankruptcy Procedure 2003 specifies that the United States Trustee presides at the creditors' meeting and that the business of the meeting includes the examination of the debtor under oath and may include the election of a trustee or a creditor committee in Chapter 7 cases. *See* Fed. R. Bankr.P.2003(b)(1). Under the United States Trustee Program, interim trustees appointed by the United States Trustee preside at the creditors' meetings. Trustees, who generally conduct the primary examination at the creditors' meetings and who are responsible for investigating the debtor's financial affairs, are not required to be attorneys. *See* 11 U.S.C. § 321 (describing eligibility requirements for trustee position, which do not include that person be an attorney).

One additional provision of the Federal Rules of Bankruptcy Procedure is relevant to the issue presented to this Court. Rule 9010(a) provides that:

A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of

law, by an authorized agent, attorney in fact, or proxy.

Fed. R. Bankr.P. 9010(a).

There are a handful of reported cases addressing whether a non-attorney representative of a creditor may question a debtor at a creditors' meeting. Except for the Bankruptcy Court's decision in this case, none hold that the examination of a debtor by a non-attorney at a Section 341(a) meeting constitutes the unauthorized practice of law. *See In re Clemmons,* 151 B.R. 860 (Bankr.M.D.Tenn. 1993); *In re Kincaid,* 146 B.R. 387 (Bankr. W.D.Tenn.1992); *In re Messier,* 144 B.R. 617 (Bankr.D.R.I.1992). Two additional courts have addressed the issue of whether non-attorney agents may question debtors at Section 341(a) meetings, but have decided that the issue is a matter of federal rather than state law.[1]

■ This Court is persuaded by the approach of the courts that have considered the issue a matter of state law. Rule 9010(a) of the Federal Rules of Bankruptcy Procedure, set forth above, authorizes creditors and other specified parties to appear on behalf of themselves, employ an attorney to represent their interests, or use agents as their representatives in any manner that does not constitute the unauthorized practice of law. The qualification on the use of agents and representatives to "perform any act not constituting the practice of law" evidences an intent to permit state law to determine the definition of the practice of law. Accordingly, the relevant question before the Court is whether, under Pennsylvania law, the examination of a debtor at a Section 341(a) meeting constitutes the practice of law.

---

1. In *In re Gravitt,* 1991 WL 497770 (Bankr. E.D.Ky. July 12, 1991), the bankruptcy court relied on an opinion of the Kentucky Bar Association which provided that whether a non-attorney should be permitted to examine a debtor at a Section 341(a) meeting was a question of federal law and that uniformity in these proceedings was desirable. The *Gravitt* court determined that non-attorneys were

permitted to represent creditors and question debtors at Section 341(a) meetings. In *State Unauthorized Practice of Law Committee v. Mason,* 46 F.3d 469 (5th Cir.1995), the Fifth Circuit determined that Federal Rule of Bankruptcy Procedure 9010(a) explicitly authorized the representation of creditors by non-attorney agents in the bankruptcy process.

In *In re Clemmons,* 151 B.R. 860 (Bankr.M.D.Tenn.1993), the bankruptcy court emphasized the informality of the creditors' meeting in its determination that creditors should be permitted to use non-attorney agents to examine debtors at creditors' meetings under Tennessee law. "The § 341 examination is a simple and inexpensive administrative examination for the benefit of creditors and trustees. It is not an adversary process, but simply a fact finding process." *In re Clemmons,* 151 B.R. at 862. Section 23–3–203 of the Tennessee Code Annotated describes the practice of law as:

> the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies.

T.C.A. § 23–3–101(a). The *Clemmons* court determined that by applying this definition to the activities engaged in a by a creditor's representative at a Section 341 meeting, it was clear that participation in a creditors' meeting did not constitute the unauthorized practice of law because it did not involve an appearance as an advocate in a representative capacity.

In *In re Kincaid,* 146 B.R. 387 (Bankr. W.D.Tenn.1992), the bankruptcy court similarly found that the examination of debtors at creditors' meetings did not run afoul of the state statute prohibiting the unauthorized practice of law. The *Kincaid* court concluded that a creditors' meeting is not a judicial proceeding and does not determine the rights and obligations of parties participating in the process. The court noted that "[t]estimony of debtors at a bankruptcy meeting of creditors is not admissible as direct evidence in a latter adversary proceeding or contested matter." *In re Kincaid,* 146 B.R. at 389. The bankruptcy court further observed that debtors are required to attend the meetings, but creditors do not lose any substantive rights by failing to attend. *See id.* at 390. The court also noted that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure require debtors to be examined by an attorney representing any creditor. *See id.* Finally, the court decided that Section 341(a) meetings do not involve the concept of advocacy as contemplated in the use of the word "advocate" in the statute prohibiting the unauthorized practice of law. *See id.*

*In re Messier,* 144 B.R. 617 (Bankr. D.R.I.1992) involved a slightly different issue. In that case, the bankruptcy court determined that the negotiation of reaffirmation agreements did not constitute the practice of law under Rhode Island law. The bankruptcy court also *sua sponte* held that when "an agent or employee of a corporate creditor appears at a § 341 meeting, without counsel, to inquire of a debtor within the examination scope permitted under § 343 and the Fed. R. Bankr. P.2004, this does not constitute the unauthorized practice of law within the meaning of R.I. Gen. Laws. § 11–27–1 et seq., and such activity (properly conducted) is permitted in this jurisdiction." *In re Messier,* 144 B.R. at 619 (footnote omitted).

In Pennsylvania, the unauthorized practice of law is regulated by statute, which provides in relevant part as follows:

> **i. General Rule.**—Except as provided in subsection (b), any person, including, but not limited to, a paralegal or legal assistant, who within this Commonwealth shall practice law, or who shall hold himself out to the public as being entitled to practice law, or use or advertise the title of lawyer, attorney at law, attorney and counselor at law, counselor, or the equivalent in any language, in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law or a corporation complying

with 15 Pa.C.S. Ch. 29 (relating to professional corporation), commits a misdemeanor of the third degree upon a first violation. A second or subsequent violation of this subsection constitutes a misdemeanor of the first degree.

42 Pa.C.S. § 2524(a).

The statute prohibits two actions by a non-lawyer—holding himself out as an attorney to the public, and practicing law. There is no allegation in this case that Sears' representative held himself out to the public as being entitled to practice law. Therefore, to run afoul of the statute, the activities conducted by Sears' representative would have to constitute the practice of law.

In the leading case on the unauthorized practice of law, the Pennsylvania Supreme Court stated that it is difficult to precisely define what activities constitute the "practice of law." *Shortz v. Farrell,* 327 Pa. 81, 193 A. 20 (1937). However, the court found that an attorney applies legal knowledge in three ways:

> i. He instructs and advises clients in regard to the law, so that they may properly pursue their affairs and be informed as to their rights and obligations.
> ii. He prepares for clients documents requiring familiarity with legal principles beyond the ken of the ordinary layman—for example, wills, and such contracts as are not of a routine nature.
> iii. He appears for clients before public tribunals to whom is committed the function of determining the rights of life, liberty, and property according to the law of the land, in order that he may assist the deciding official in the proper interpretation and enforcement of the law.

*Id.* at 21.

The first two categories described by the court do not apply to the facts of this case. The Sears' representative whose conduct is at issue in this case does not instruct a client on the law. *See* R. at 15. Further, the record does not disclose that

he prepares any document, even routine ones. *See* R. at 13–19. Accordingly, under *Shortz,* the only matter at issue in this case is whether the Sears' representative's examination of a debtor at a Section 341(a) meeting constitutes an appearance before a public tribunal.

In *Shortz,* the Pennsylvania Supreme Court held that an insurance claims adjuster was engaging in the unauthorized practice of law when he appeared before the Workmen's Compensation Review Board ("Board") to examine and cross-examine witnesses. The activities of the adjuster were deemed to fall within the third category of activity—the appearance before public tribunals. *See Shortz,* 193 A. at 21. First, the court found that the adjuster's representation required him to have a knowledge of relevancy and materiality in order to examine and cross-examine witnesses. Second, the court noted that the record developed before the Board would result in findings of fact that are binding on the courts if there is competent evidence to support the findings. Finally, the court determined that the proceedings, although conducted by an administrative agency, were essentially judicial in nature. Although the members of the Board and its referees are not required to be attorneys, the court noted that the function of persons appearing on behalf of the parties "is to make sure that only proper evidence is admitted, and logically to marshal it for the consideration of the fact-finding tribunal." *Id.* at 22.

After *Shortz v. Farrell,* the Pennsylvania Supreme Court further defined the parameters of the practice of law in *Dauphin County Bar Ass'n v. Mazzacaro,* 465 Pa. 545, 351 A.2d 229 (1975). In that case, the court held that a casualty adjuster who was not an attorney could not represent tort claimants in pursuing damages. The activities pursued by the adjuster included investigating the accident, estimating damages, making a demand on the party from whom recovery was sought, and attempting to negotiate a settlement. *See id.* at

230. The Court noted that to properly value damages and negotiate a settlement required "an understanding of the applicable tort principles (including the elements of negligence and contributory negligence), a grasp of the rules of evidence, and an ability to evaluate the strengths and weaknesses of the client's case vis a vis that of the adversary." *Id.* at 234. The Supreme Court also recognized that there are instances "when it is clearly within the ken of lay persons to appreciate the legal problems and consequences involved in a given situation and the factors which should influence necessary decisions." *Id.* at 233. It is when "a judgment requires the abstract understanding of legal principles and a refined skill for their concrete application, the exercise of legal judgment is called for." *Id.* (quoting *Shortz,* 193 A. at 21).[2]

Applying these principles to the facts of the instant case, the Court finds that a creditors' meeting held pursuant to Section 341(a) of the Bankruptcy Code does not possess any of the indicia of a fact-finding "public tribunal to whom is committed the function of determining rights of life, liberty, and property" described by the Pennsylvania Supreme Court in *Shortz.* A trustee makes no findings of fact based on the information elicited at the Section 341(a) meeting. No rights are adjudicated. The tribunal in the bankruptcy process is the court, not the Section 341(a) meeting. Congress specifically intended that the creditors' meeting not function as a tribunal by separating the administrative functions performed at the creditors' meeting from the judicial aspects of the case. *See* 11 U.S.C. § 341(c) ("[t]he court may not preside at, and may not attend, any meeting under this Section, including any final meeting of creditors").

Not only is a creditors' meeting not a tribunal under Pennsylvania law, but the Court finds that the intended activities of the Sears' representative at the meeting as described in the record did not require an abstract understanding of legal principles or a refined skill for their concrete application. The record in this case indicates that the Sears' representative customarily reviews the debtors' customer file, attends the meeting to ask questions about the merchandise purchased from Sears, describes to the debtors what incentives Sears will offer if debtors reaffirm the debt, and asks questions concerning the debtors' employment. *See* R. at 14. The testimony of Sears' representative demonstrates that the creditors' meeting is an informal, fact-finding proceeding.[3]

---

**2.** The Bankruptcy Court appeared to place some emphasis on the fact that under Pennsylvania law (as described in *Mazzacaro* ), negotiation of a reaffirmation agreement with a debtor may well constitute the practice of law. However, whether or not negotiation of a reaffirmation agreement constitutes the practice of law in Pennsylvania was not the issue before the Bankruptcy Court. The record in this case does not indicate that the Sears' representative intended to negotiate a reaffirmation agreement with the debtors here. If he had intended to negotiate a reaffirmation agreement, a different issue would have been presented to the Bankruptcy Court, and a different result might permissibly have been reached. *See, e.g., In re Carlos,* 227 B.R. 535 (Bankr.C.D.Cal.1998) (non-attorney negotiation of reaffirmation agreement with debtor constitutes unauthorized practice of law in California).

**3.** In its Opinion, the Bankruptcy Court stated that the Unauthorized Practice of Law Committee of the Pennsylvania Bar Association has "considered this very issue and concluded that nonlawyers, whose questioning of a debtor is focused on legal matters in the Bankruptcy Code, 'are engaged in the unauthorized practice of law,'" citing PBA Unauthorized Practice of Law Committee Opinion 96–108. Opinion and Order at 2. The Opinion referenced states that "[i]t is the Opinion of the Pennsylvania Bar Association Unauthorized Practice of Law Committee that non-attorneys participating in Bankruptcy 341 meetings and *whose questioning goes beyond mere information gathering to questions focused on legal matters in the Bankruptcy Code* are engaged in the unauthorized practice of law as set forth in 42 Pa.C.S.A. § 2524." PBA Unauthorized Practice of Law Committee Opinion 96–108 (emphasis added). That Opinion does not state the proposition that a non-attorney creditor representative engaged in information gathering, of the type de-

Despite the testimony of Sears' representative regarding the limited scope of his inquiry, the Bankruptcy Court found that the purpose of the creditors' meeting no longer was to assist in the administration of the debtor's estate, but had moved beyond fact-finding to inquisition. The court based its finding on the addition of subsection (d) to Section 341 by the 1994 amendments to the Bankruptcy Code. Section 341(d) requires the trustee to inquire as to whether the debtor is aware of the consequences of seeking a discharge, the ability to file under another chapter, the effect of receiving a discharge, and the effect of reaffirming a debt. *See* 11 U.S.C. § 341(d). The Bankruptcy Court concluded that this modification opened the door to interrogation on the issues of dischargeability and reaffirmation.

■ However, in finding that Section 341(d) changed the nature of the proceedings, the Bankruptcy Court misunderstood the intent behind the amendment to Section 341. As noted in the House Report of the Bankruptcy Reform Act of 1994, the amendment to Section 341 "requires the trustee to orally examine the debtor to ensure that he or she is informed about the effects of bankruptcy, both positive and negative. Its purpose is *solely informational;* it is not intended to be an interrogation to which the debtor must give any specific answers or which could be used against the debtor in some later proceeding." 140 Cong. Rec. H10,766 (Oct. 4, 1994) (emphasis added). Section 341(d) was added to the Code because other protections for the debtor were deleted.

Since Section 103 of the Reform Act eliminated for most debtors the warnings and explanations concerning reaffirmation previously given by the court at the discharge hearing, it is important that trustees explain not only the procedures for reaffirmation, but also the potential risks of reaffirmation and the fact that the debtor may voluntarily choose to repay any debt to a creditor without

scribed by the Sears' representative here, is

reaffirming the debt, as provided in Bankruptcy Code Section 524(f).

*Id.* As pointed out by the United States Trustee, rather than being a sword for the creditor, Section 341(d) is a shield for the debtor.

## IV. Conclusion

Accordingly, for all the reasons discussed above, the Court finds that the Bankruptcy Court erred in its legal conclusion that the examination of a debtor at a Section 341(a) meeting of creditors by a non-attorney representative of a creditor constitutes the unauthorized practice of law in Pennsylvania. This Court holds that, under the facts of record in this case, the proposed examination described by the Sears' non-attorney representative does not constitute the unauthorized practice of law in Pennsylvania. Accordingly, the Court need not address the additional issue raised by the U.S. Trustee on appeal. The Order of the Bankruptcy Court will be reversed in accordance with the foregoing discussion.

engaged in the unauthorized practice of law.